

U. S. DEPARTMENT OF JUSTICE

WILLIAM J. IHLENFELD, II
United States Attorney
Northern District of West Virginia

*U.S. DISTRICT COURT FILED AT WHEELING, WV  NOV -8 2011  NORTHERN DISTRICT OF WV OFFICE OF THE CLERK*

| | |
|---|---|
| 1125 Chapline Street | Phone: (304) 234-0100 |
| P.O. Box 591 | Fax: (304) 234-0111 |
| Wheeling, WV 26003 | |

September 29, 2011

**Jay T. McCamic**
PO Box 151
Wheeling, WV 26003

      Re:   *United States of America v. Jeremy Robert Crinkey*
              Criminal No:  5:11-CR-49

Dear Mr. McCamic:

      This will confirm conversations with you concerning your client, Jeremy Robert Crinkey.

      All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

      It is agreed between the United States and your client as follows:

      1.    Mr. Crinkey will waive his right to have his case presented to a grand jury and will plead guilty to an Information charging him with knowingly possessing a computer hard drive that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and shipped and transported in interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code Sections 2252A(a)(5)(B) & (b)(2).

_____      10/20/11
Jeremy Robert Crinkey                Date Signed

_____      10/20/11
Jay T. McCamic, Esq.                 Date Signed
Counsel for Mr. Crinkey

Mr. Jay T. McCamic, Esq.
September 28, 2011
Page 2

      2.    Mr. Crinkey hereby waives any right he has or may have to sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of the United States Sentencing Guidelines provisions and consents to the application of the Guidelines, in conformity with *United States v. Booker*, 125 S.Ct. 738 (2005), and to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Mr. Crinkey further agrees that the District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard. Mr. Crinkey acknowledges and understands that by signing this Plea Agreement he waives any right to a jury determination of sentencing factors that he has or may have pursuant to the Sixth Amendment to the Constitution of the United States of America.

      3.    The maximum penalty to which Mr. Crinkey will be exposed by virtue of his plea of guilty to the Information as stated in paragraph 1 above, would be not more than 10 years imprisonment; a $250,000 fine, and lifetime supervised release. Mr. Crinkey would also be required to pay a mandatory special assessment of $100.00, (18 USC 3013) which must be paid before the date of sentencing by money order, or certified check, made payable to the United States District Court. It is also understood that Mr. Crinkey might be required by the Court to pay the costs of his incarceration.

      4.    Pursuant to Sections 6B1.4, 1B1.3, 2D1.1 [Application Note 12] of the Guidelines, the parties hereby stipulate and agree that the total relevant conduct of the defendant is as follows: on January 28, 2011, defendant was in possession of electronically saved and stored images of child pornography; the offense involved images and videos that depict prepubescent minors who had not attained the age of 12 years; the offense involved material that portrays sadistic or masochistic conduct; the offense involved the use of a computer and an interactive computer service for the possession of the material; and the offense involved more than 600 images of child pornography. The parties agree in their estimation that there are no other applicable Specific Offense Characteristics, Cross References or Adjustments.

_____       10/30/11
Jeremy Robert Crinkey       Date Signed

_____       10/20/11
Jay T. McCamic, Esq.       Date Signed
Counsel for Mr. Crinkey

Mr. Jay T. McCamic, Esq.
September 28, 2011
Page 3

Notwithstanding the above stipulations defendant preserves his right and intends to seek a downward departure and/or variance from the advisory guideline level and corresponding advisory guideline sentence. The basis for the anticipated downward departure and/or variance will be more fully explained in a motion and supporting memorandum filed by defendant prior to sentencing.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation, and if not accepted by the Court, defendant will not have the right to withdraw his plea of guilty.

5.  Mr. Crinkey will be completely forthright and truthful with federal and state officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Crinkey will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

6.  Nothing contained in any statement or any testimony given by Mr. Crinkey pursuant to Paragraph 5 will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Crinkey in compliance with this Agreement will be made known to the sentencing Court. However, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Crinkey's advisory guideline range. This Agreement does not prevent Mr. Crinkey from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this Agreement. In addition, nothing contained in this Agreement shall prevent the United States from prosecuting Mr. Crinkey for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of Paragraph 5 above.

7.  At final disposition, the United States will advise the Court of Mr. Crinkey's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

_____       10/20/11
Jeremy Robert Crinkey                  Date Signed

_____       10/20/11
Jay T. McCamic, Esq.                   Date Signed
Counsel for Mr. Crinkey

Mr. Jay T. McCamic, Esq.
September 28, 2011
Page 4



8. Provided the defendant pays the $100.00 special assessment fee on or before the day of sentencing, the United States will make the following <u>nonbinding</u> recommendations: 1) if Mr. Crinkey accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should Mr. Crinkey give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, if applicable, an additional one-level reduction for this "timely acceptance" of responsibility. In order to be eligible for this timely acceptance of responsibility, **Mr. Crinkey must execute this Plea Agreement on or before 5:00 p.m., October 21, 2011,** and return or fax an executed copy to the United States by that date and time.

9. If, in the opinion of the United States, Mr. Crinkey either engages in conduct defined under Application Notes 4(a) through (j) of Guideline 3C1.1, fails to cooperate as promised, fails to make a truthful debriefing, is found to be deceptive during any polygraph, fails to testify fully and truthfully either at grand jury or any trial, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of the Plea Agreement, then the United States will not be bound to make the foregoing recommendations and will have the right to revoke this plea agreement.

10. Mr. Crinkey is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant agrees and understands that he will waive his right to appeal and collaterally attack any sentence of imprisonment within the statutory maximum, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The United States, likewise, waives its right to appeal any sentence within the advisory guideline range. Both parties have the right during any appeal to argue in support of the sentence.

_____        10/20/11
Jeremy Robert Crinkey                  Date Signed

_____        10/20/11
Jay T. McCamic, Esq.                   Date Signed
Counsel for Mr. Crinkey

Mr. Jay T. McCamic, Esq.
September 28, 2011
Page 5

11.    The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Mr. Crinkey's background, criminal record, the offense charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made to the Court by Mr. Crinkey or his counsel.

12.    The defendant agrees to abandon all right, title, interest and claim to the property described below which was used or intended to be used to commit the violations in this case:

    a.    One (1) Western Digital external hard drive black in color, bearing serial number WCAZA0796996T,

    b.    One (1) Sony Vaio laptop computer black in color, bearing serial number 275268313006237, and

    c.    One (1) AMD Athlon II computer tower black in color, bearing no visible or easily recognizable serial number.

The property will be abandoned to the West Virginia State Police for appropriate disposition.

_____      10/20/11
Jeremy Robert Crinkey                    Date Signed

_____      10/20/11
Jay T. McCamic, Esq.                      Date Signed
Counsel for Mr. Crinkey

13. If the defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

14. The above thirteen (13) paragraphs constitute the entire agreement between defendant and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this Agreement.

Very truly yours,

WILLIAM J. IHLENFELD, II
United States Attorney

By: _____
Randolph J. Bernard
Assistant United States Attorney

As evidenced by my signature at the bottom of the six (6) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____     10/20/11
Jeremy Robert Crinkey        Date Signed

_____     10/20/11
Jay T. McCamic, Esq.         Date Signed
Counsel for Mr. Crinkey